be dismissed." Before the prosecutor dismissed the charges, an application for leave to appeal was pending in this Court. Thus, an appeal to the Supreme Court was available. Unsatisfied with that remedy, the prosecutor abandoned it by dismissing the charges.

In the instant proceedings, an adequate remedy remained available. The prosecutor could have sought to exclude the unavailable witness's testimony and pursued an interlocutory appeal in the Court of Appeals if his motion were once again denied. Of course, that remedy was unappealing to Mr. Kuebler because it did not previously provide the remedy that he believed he was entitled to within the time frame that he desired. Nonetheless, an adequate remedy remained available and Mr. Kuebler was expressly prohibited from circumventing our rules of appellate procedure.

Accordingly, I concur in this Court's order denying leave to appeal and, but for the fact that the people of Genesee County would incur the cost, I would impose sanctions pursuant to MCR 7.316(D)(1)(a).

HANNAFORD V MORRISON, No. 138219; Court of Appeals No. 289977.

BEYKO V BERNITSAS, No. 138220; Court of Appeals No. 289528.

TACCO FALCON POINT, INC V CLAPPER, No. 138253; Court of Appeals No. 290313.

*In re* AUSTIN (DEPARTMENT OF HUMAN SERVICES V AUSTIN), No. 138268; Court of Appeals No. 285208.

*Leave to Appeal Denied March 13, 2009:*

SELFLUBE, INC V JJMT, INC, No. 136377; reported below 278 Mich App 298.

KYSER V KASSON TOWNSHIP, No. 136680; reported below: 278 Mich App 743.

WEAVER, J., did not participate in this case because she has a past and current business relationship with Kasson Township Supervisor Fred Lanham and his family.

CORRIGAN, J. *(dissenting)*. Today's decision denies this Court the opportunity to inquire about the justification for past decisions of this Court that have read into the law provisions that were never placed there by the Legislature itself. As a consequence, the general rule of judicial deference to the decisions of local zoning authorities has been altered with regard to the extraction of natural resources, and the judiciary has been afforded a considerably greater role in questioning the judgments of such authorities and effectively acting as a super zoning commission.

I respectfully dissent from the order denying defendant's application for leave to appeal. I would grant leave to appeal because I believe that this Court should examine the unconstitutional implications of the "very serious consequences" rule first adopted in *Silva v Ada Twp*, 416 Mich 153 (1982).